IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUSTIN KOECKERITZ,

                Plaintiff,

  v.

PIERCE CNTY., THE PIERCE CNTY. SHERIFF, THE
PIERCE CNTY. MED. DIRECTOR, THE PIERCE
CNTY. MED. HEALTH ADMINISTRATOR, LT. ALI
VERGES, PROVIDER M. DOUGLAS, NURSE JANE
DOE, THE PIERCE CNTY. MENTAL HEALTH JANE
DOE, THE PIERCE CNTY. DIETICIAN, SGT. JOSIE
AUSTIN, ST. CROIX CNTY., THE ST. CROIX CNTY.
SHERIFF, THE ST. CROIX CNTY. MED. DIRECTOR,
THE ST. CROIX CNTY. MED. HEALTH
ADMINISTRATOR, JOHN OR JANE DOE
DOCTORS, NURSE GINNIE, THE ST. CROIX CNTY.
MENTAL HEALTH JANE DOE, OFFICER BRADICK,
and THE ST. CROIX CNTY. DIETICIAN,

                Defendants.

ORDER

24-cv-903-jdp

---

Austin Koeckeritz, proceeding without counsel, complains about medical care and the conditions of his confinement while on pretrial detention in Pierce County and St. Croix County. He alleges that the many defendants, all affiliated with the jails of Pierce County and St. Croix County, violated his civil rights in numerous ways. Dkt. 1. Koeckeritz filed two supplements to the complaint, Dkts. 4 and 5, and several motions. Dkts. 2, 3, 6, 7.

I begin with the complaint and supplements. Koeckeritz's many allegations are spread across three documents totaling 62 pages. Koeckeritz's prolix complaint obscures the factual basis of his claims. I will order Koeckeritz to file an amended complaint that consolidates and concisely sets out the factual basis of his claims. Koeckeritz must file his amended complaint on the court's prisoner complaint form. If Koeckeritz needs further space, he may submit no

more than ten supplemental pages. Any handwritten or typewritten text on the form or any supplemental sheet must be large enough and well spaced enough to ensure readability.

In drafting his amended complaint, Koeckeritz should be mindful that, to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). Koeckeritz's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Koeckeritz should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Koeckeritz should identify the claims he wishes to allege in the amended complaint, but he should omit legal arguments.

Koeckeritz may join multiple defendants only when his claims "arise from the same set of events and share a common question of law or fact." *See Decker v. Fed. Bureau of Prisons*, No. 22-2475, 2023 WL 2942455, at *2 (7th Cir. Apr. 14, 2023). Koeckeritz's claims concern many things—multiple aspects of the conditions of his confinement, his medical care, his religious practices, and his right to free speech, and more. The allegations arise from events at two separate facilities. Koeckeritz cannot toss all his accumulated grievances into a single omnibus complaint.

Koeckeritz should carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of federal law. Koeckeritz must explain what each defendant did, or failed to do, to violate his federal rights, and should avoid referring to defendants collectively. Koeckeritz should also identify by full name all the individuals he wishes to sue in the amended complaint's caption. If Koeckeritz does not know the name of an individual who allegedly violated his federal rights, he may name that individual as a Doe defendant in the amended complaint's caption and body. To the extent

feasible, Koeckeritz should give each Doe defendant as specific a name as possible, such as "John Doe Day Shift Correctional Officer," or "Jane Doe Night Shift Nurse."

I turn to the pending motions.

Koeckeritz seeks a protective order allowing him to proceed under a pseudonym and sealing or redacting his specific medical conditions. Dkt. 2. Koeckeritz says he should be allowed to proceed under a pseudonym to prevent future retaliation and generally to limit the public disclosure of information about this case. I will deny the request to proceed under a pseudonym because Koeckeritz hasn't shown "exceptional circumstances that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *See Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). Koeckeritz's concern about future retaliation is purely speculative, and there is a strong presumption in favor of open judicial proceedings.

I will also deny Koeckeritz's request to redact his specific medical conditions. Koeckeritz voluntarily brought this case and redacting this information would seriously prejudice the defendants' ability to defend themselves. However, if the amended complaint passes screening and the case proceeds to discovery, Koeckeritz may be able to request the redaction or sealing of a specific medical record to be used in this case based on a showing that it contains information "highly embarrassing to the average person" and that the public has a limited interest in the information. *See Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Doe v. Amar*, No. 22-cv-2252, 2023 WL 4564404, at *4–5 (C.D. Ill. July 17, 2023).

Koeckeritz moves the court to adopt a specific interpretation of 18 U.S.C. § 242, a criminal statute which prohibits government officials from interfering with federal rights.

3

Dkt. 3. Koeckeritz does not have a private right of action to sue in federal court for violations of federal criminal statutes, and I cannot initiate federal criminal proceedings. *Gardner v. Harvard Univ.*, No. 21-cv-503-wmc, 2023 WL 2163083, at *5 (W.D. Wis. Feb. 22, 2023). § 242 has no bearing on this case. The motion is denied.

Koeckeritz moves for class certification. Dkt. 6. The motion is premature because Koeckeritz has yet to state a plausible federal claim. More substantively, the basic rule is that a litigant who proceeds without counsel "is not an adequate class representative." *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (per curiam). Furthermore, Koeckeritz's description of the proposed class is too vague to satisfy the requirements for class certification under Federal Rule of Civil Procedure 23. Koeckeritz's case will not proceed as a class action. I will deny this motion.

Koeckeritz moves for court assistance in recruiting counsel. Dkt. 8. I will deny this motion as premature. Koeckeritz's only task now is to amend his complaint following my instructions. If the amended complaint passes screening, the court will enter a scheduling order. After that, Koeckeritz will be free to renew his request for the court to help him find counsel who may be willing to represent him voluntarily. If Koeckeritz makes such a request, he will have to specifically explain what litigation tasks he would be unable to complete without counsel. Koeckeritz will also have to show that he's made reasonable efforts to find an attorney without court assistance, which usually involves submitting letters from at least three attorneys showing that he has written to them and that they have refused to take his case.

ORDER

IT IS ORDERED that:

1. Plaintiff Austin Koeckeritz's complaint, Dkt. 1, and supplements, Dkt. 4 and Dkt. 5, are DISMISSED.

2. Plaintiff may have until February 24, 2025, to file an amended complaint that fixes the problems identified in this order.

3. The amended complaint will act as a complete substitute for the earlier pleadings. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

4. If plaintiff does not comply with this order, I may dismiss the case.

5. Plaintiff's motion for protective order, Dkt. 2, is DENIED.

6. Plaintiff's motion for legal interpretation, Dkt. 3, is DENIED.

7. Plaintiff's motion for class certification, Dkt. 6, is DENIED.

8. Plaintiff's motion for court assistance in recruiting counsel, Dkt. 7, is DENIED as premature.

9. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

10. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered January 24, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge