IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUSTIN KOECKERITZ,

                Plaintiff,

  v.

PIERCE CNTY., THE PIERCE CNTY. SHERIFF, THE
PIERCE CNTY. MED. DIRECTOR, THE PIERCE
CNTY. MED. HEALTH ADMINISTRATOR, LT. ALI
VERGES, PROVIDER M. DOUGLAS, NURSE JANE
DOE, THE PIERCE CNTY. MENTAL HEALTH JANE
DOE, THE PIERCE CNTY. DIETICIAN, SGT. JOSIE
AUSTIN, ST. CROIX CNTY., THE ST. CROIX CNTY.
SHERIFF, THE ST. CROIX CNTY. MED. DIRECTOR,
THE ST. CROIX CNTY. MED. HEALTH
ADMINISTRATOR, JOHN OR JANE DOE
DOCTORS, NURSE GINNIE, THE ST. CROIX CNTY.
MENTAL HEALTH JANE DOE, OFFICER BRADICK,
and THE ST. CROIX CNTY. DIETICIAN,

                Defendants.

ORDER

24-cv-903-jdp

---

Austin Koeckeritz, proceeding without counsel, complained about medical care and the conditions of his confinement while on pretrial detention in Pierce County and St. Croix County. Koeckeritz's prolix complaint obscured the factual basis of his claims, so I dismissed the complaint. Dkt. 15. I ordered Koeckeritz to file an amended complaint on the court's prisoner complaint form, and I allowed him to submit up to ten supplemental pages if he needed more space to allege his claims. *Id.* at 1–2. I also denied several motions by Koeckeritz, including requests to appoint counsel and to reconsider the order to amend. *See* Dkt. 15 and Dkt. 19. Koeckeritz's amended complaint was due by February 24, 2025.

Koeckeritz didn't amend his complaint by the deadline. After it expired, Koeckeritz filed two related motions: (1) a motion for a disability accommodation and mandamus; and

(2) a motion to stand by the complaint. Dkt. 20 and Dkt. 21. I will deny these motions and give Koeckeritz a final opportunity to amend the complaint.

The first motion seeks appointment of counsel based on Koeckeritz's alleged inability to draft a complaint that complies with the ten-page limit on supplemental pages due to mental health and cognitive disabilities. Assisting Koeckeritz in recruiting counsel would be appropriate if he showed, among other things, that the legal and factual difficulty of amending the complaint to comply with the order to amend exceeded his ability to complete that task without counsel. *Cf. Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). Koeckeritz hasn't made this showing. The mental health and cognitive conditions that Koeckeritz describes are common obstacles for prisoners who proceed without counsel, and his pleadings and motions show that he can describe events, explain why he feels aggrieved, and understand court orders. Koeckeritz hasn't shown that these obstacles have stopped him from amending the complaint to comply with the order to amend, which gives him instructions on how to draft that pleading. Also, the disability statutes that Koeckeritz cites don't create a duty for federal courts to provide the relief that he requests. I will deny the first motion.

I will deny Koeckeritz's motion to stand by the complaint for similar reasons. In my order to amend, order denying Koeckeritz's motion for reconsideration, and this order, I have addressed most of the concerns that he raises in this motion. But I will specifically address two of his points.

First, Koeckeritz asks me to sever the complaint instead of ordering him to amend it. Dkt. 21 at 1. Koeckeritz is correct that his overlong complaint has Rule 20 problems; he has alleged several claims against multiple defendants based on unrelated events. But because Koeckeritz attempted to proceed on various claims based on multiple incidents involving many

2

different, but at times overlapping, defendants, it would be impracticable for the court to sever his complaint into separate lawsuits or dismiss the improperly joined defendants. *See Williams v. Foster*, No. 19-cv-1697, 2021 WL 148798, at *5 (E.D. Wis. Jan. 15, 2021). Koeckeritz may not be able to bring all of his claims in a single lawsuit, but it will be up to him to sort out which claims belong together and which he may want to pursue.

Second, Koeckeritz says that he needs permission to submit a longer complaint because detailed allegations are necessary to state a claim. I'm not persuaded; his claims are common ones that prisoners successfully plead every day. All he really needs is a short and plain statement that shows he's entitled to relief. *See* Dkt. 15 at 2 (citing Fed. R. Civ. P. 8(a)(2)). I am satisfied that Koeckeritz is capable of amending the complaint to comply with my order allowing him to amend He's simply choosing not to complete the task. This is his final opportunity.

ORDER

IT IS ORDERED that:

1. Plaintiff Austin Koeckeritz's motion for disability accommodations and mandamus and motion to stand by complaint, Dkt. 20 and Dkt. 21, are DENIED.

2. Plaintiff may have until April 15, 2025, to file an amended complaint that complies with the court's order to amend, Dkt. 15, and this order.

3. If plaintiff fails to comply with the court's order to amend or this order, I will dismiss the case.

Entered March 25, 2025.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          JAMES D. PETERSON
                                          District Judge